UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

RECEIVED
MAR 0 6 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| | |
|---|---|
| AT&T Corp., a New York Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. A02-129 CV (JKS) ) |
| NOME NET, INC., an Alaska Corporation, and NUGGET PUBLISHING CORPORATION, an Alaska corporation, | ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT'S MOTION FOR RETURN OF SEIZED FUNDS**

COMES NOW the Defendant, Nome Net, Inc., by and through counsel of record, the Law Office of Gayle J. Brown, and would respectfully submit the following to the attention of the Court:

The Plaintiff in this case, pursuant to a judgment against the Defendant herein, have levied against two bank accounts opened under the name of Ms. Nancy McGuire, acknowledged to be an owner and the president of the Defendant corporation. Of these two accounts, one was an operating account for payroll and taxes for employees of the Defendant. The other was a purely private account, opened by Ms. McGuire for, and properly designated as, a hurricane relief fund. Upon information and belief, there is no authority based in the subject Judgment against the Defendant Corporation for the Plaintiffs to have executed on the subject accounts to satisfy the Judgment.

Gayle J. Brown, Attorney at Law
750 W. 2nd Avenue, Suite 207
Anchorage, Alaska 99501
Telephone: (907) 274-1074
Facsimile: (907) 274-3311
E-Mail: gaylejbrown@hotmail.com

1

Other than a notice that the subject funds were seized, the Defendant has never been provided with any document, (Writ of Execution, Notice of Exemptions, etc...), indicating any intent on the part of the Plaintiff to execute on it's Judgment against the Defendant corporation. The Defendant is unaware, therefore, as to exactly what process was used by the Plaintiff to accomplish such execution. Inasmuch as the funds were in fact seized, however, Defendant can only assume, upon information and belief, that some formal documentation reflecting the Judgment against the Defendant was served on the financial institution holding these accounts and that such institution was given to believe that the judgment against the Defendant corporation also constituted a judgment against it's owner and president and any account including the name of the Defendant corporation.

In fact, although the subject accounts were opened by, (and in one instance under the name of), Ms. Nancy McGuire, neither of the accounts contained funds, which actually belonged to her. One of the accounts, labeled the "Hurricane Relief Contribution Fund", was a holding account for charitable contributions designated for eventual distribution to the Noah's Wish Foundation and the East Jefferson General Hospital Foundation for the purpose of providing general relief to individuals in the Lower 48 suffering from the effects of the disastrous hurricane season of 2005. The other account, an operating account for the Defendant Corporation, contained funds

Gayle J. Brown, Attorney at Law
750 W. 2nd Avenue, Suite 207
Anchorage, Alaska 99501
Telephone: (907) 274-1074
Facsimile: (907) 274-3311
E-Mail: gaylejbrown@hotmail.com

Gayle J. Brown, Attorney at Law
750 W. 2nd Avenue, Suite 207
Anchorage, Alaska 99501
Telephone: (907) 274-1074
Facsimile: (907) 274-3311
E-Mail: gaylejbrown@hotmail.com

designated for employee salaries and for withholding on behalf of these same employees for payments to both federal and state taxes. Checks for employee's salaries had been already written on this account and distributed at the time the funds from the account were seized. Again, therefore, these funds did not belong either to Ms. McGuire or to the Defendant corporation at the time they were seized, but were in fact either the property of the employees themselves or, on their behalf, the property of the agencies for whom they were designated.

Section 807(9) of the Fair Debt Collection Practices Act [15 USC 1692(e)], provides for liability on the part of any person who seeks to collect on even a legitimate debt through "[t]he use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval." Section 807(10) of the Act provides for such liability for "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Defendant maintains that, inasmuch as the accounts referenced above were not subject to levee or execution with respect to the Judgment rendered in this case against the Defendant corporation in favor of the Plaintiff, any use of that Judgment, including the use of any otherwise properly issued

3

Writ of Execution thereon, to effect such levee or execution on said accounts amounted to a "false, deceptive, or misleading representation or means in connection with the collection" of the debt represented by that Judgment. Id.

Because the funds in these accounts were improperly and illegally seized, Defendant would request herein that no disbursement be allowed to the Plaintiffs in the absence of an opportunity by the Defendant to be heard and to present evidence that such funds are not subject to levee or execution and should, therefore, be returned to the accounts from which they were seized. This motion is further supported by the accompanying Affidavit of Nancy McGuire, with attachments.

DATED at Anchorage, Alaska, on this 6th day of March, 2006.

_____
Gayle J. Brown (ABA 9411094)
Counsel for Defendant

I certify that on the 6th day of March, 2006 a true and correct copy of the foregoing was mailed to:

Kathryn L. Kempton, Esq.
ASSAYAG MAUSS KEMPTON
A Professional Law Corporation
2915 Redhill Ave., Suite 200
Costa Mesa, California 92626

_____
Gayle J. Brown (ABA 9411094)
Counsel for Defendant

Gayle J. Brown, Attorney at Law
750 W. 2nd Avenue, Suite 207
Anchorage, Alaska 99501
Telephone: (907) 274-1074
Facsimile: (907) 274-3311
E-Mail: gaylejbrown@hotmail.com

4